Bruce F. Fain
Murphy, Kirkpatrick & Fain, P.L.L.P.
208 North Broadway, Suite 208
P.O. Box 429
Billings, MT 59103-0429
Phone: (406) 256-9700
Fax: (406) 256-9755
E-mail: bruce@murphkirk.com
I.D. Number: 3377

Attorneys for Plaintiff
      Auto Auction of Montana


IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re:<br><br>INCREDIBLE AUTO SALES, LLC,<br><br>                    Debtor.<br>_____<br><br>AUTO AUCTION ASSOCIATES OF<br>MONTANA, INC., D/B/A AUTO<br>AUCTION OF MONTANA A/K/A AUTO<br>AUCTION OF BILLINGS,<br><br>                    Plaintiff.<br><br>     v.<br><br>INCREDIBLE AUTO SALES, LLC,<br><br>                    Defendant. | CASE NO.  06-60855<br><br>Adversary No.  06-00119<br><br><br><br>**MOTION FOR RECONSIDERATION RE:<br>TEMPORARY RESTRAINING ORDER** |

- - - - - - - - - - - - - - - -

**MOTION**

AUTO AUCTION ASSOCIATES OF MONTANA, INC., D/B/A AUTO AUCTION

OF MONTANA A/K/A AUTO AUCTION OF BILLINGS ("Auto Auction"),
respectfully moves that the Court reconsider its decision of
October 20, 2006 wherein the Court did not issue the requested TRO,
apparently on the basis that a "bond" had not been provided.  The
grounds for this request is that the Court may have applied the
wrong standard in that the Court apparently ruled that a bond must
be filed at the time of the request for a TRO, rather than if and
when the Court determines an appropriate amount of a bond.

Without the issuance of a TRO the Debtor will presumably
continue to attempt to sell the Vehicles which are the subject of
Auto Auction's reclamation claim.  This will seriously impair, if
not eliminate any rights of Auto Auction which are expressly
recognized by Section 546(c) of the Bankruptcy Code.

Further grounds for this motion appear in the brief set forth
below.

**BRIEF**

Rule 7065 of the Bankruptcy Rules of Procedure incorporate the
injunctive relief provisions of Rule 65 of the Federal Rules of
Civil Procedure.  Rule 65 of the Federal Rules of Civil Procedure
provides in pertinent part that:

> Security. No restraining order or preliminary injunction
> shall issue except upon the giving of security by the
> applicant, in such sum as the court deems proper, for the
> payment of such costs and damages as may be incurred or
> suffered by any party who is found to have been wrongfully
> enjoined or restrained.   No such security shall be
> required of the United States or of an officer or agency
> thereof.

Fed.R.Civ.P. 65(c).

The Ninth Circuit Court of Appeals has recognized that the amount of security is left up to the discretion of the District Court.  *Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999).  In deciding that the decision was subject to an abuse of discretion standard the *Barahona-Gomez* Court noted:

> Our sister circuits have construed Fed.R.Civ.P. 65(c) as investing the district court with discretion as to the amount of security required, if any.  *See, e.g., Doctor's Associates, Inc. v. Stuart*, 85 F.3d 975, 985 (2d Cir.1996) (affirming district court's decision not to require bond); *Moltan Co. v. Eagle-Picher Industries, Inc.*, 55 F.3d 1171, 1176 (6th Cir.1995) (district court has discretion to require posting of security); *Stockslager v. Carroll Elec. Co-op. Corp.*, 528 F.2d 949, 951 (8th Cir.1976) (amount of bond required upon the issuance of a preliminary injunction vests within the sound discretion of the trial court and will not be reversed on appeal unless there is a clear abuse of discretion).

*Id.*  Significantly, the Court expressly approved of  *Doctor's Associates, Inc. v. Stuart*, 85 F.3d 975, 985 (2d Cir.1996), where the Court approved a district court's decision to not require the posting of any bond at all.

The language of Rule 65(c) states that the security is to be "In such sum as the court deems proper . . . ."  As noted by the Ninth Circuit, this permits the Court the discretion as to the amount of the bond and to even decide no bond is required.

In this case, Auto Auction is even now attempting to work out a stipulation which will avoid the need for a hearing on injunctive

3

relief.  Documents have been provided to counsel for the Debtor and to counsel for the Debtor's flooring lender[1].  There has been no resolution as of the filing of this motion, so the motor vehicles are still on the Debtor's lot and still subject to sale by the Debtor.  Without a TRO the Debtor will undoubtably continue to attempt to sell the units, and such sales may very well eliminate any rights Auto Auction may have under Section 546(c).  At the very least, sales of these particular units will increase the complexity of the issues confronting the Court.

Auto Auction is prepared to post a bond if the Court determines one is necessary.  Auto Auction has an application prepared and will only need to know the amount of the bond.  Logistically, issuance may be difficult due to the lateness of the day, so at a minimum, the Court should issue a TRO which immediately prohibits the Debtor from selling, encumbering, transferring or disposing the Vehicles and which permits Auto Auction to file the bond no later than Monday, October 23, 2006.

Auto Auction is simply wanting to maintain the status quo during the until such time as its claim can be resolved.  The only

---

[1] To the best of counsel's knowledge, at the time of the filing of this motion, counsel for the flooring lender has not been made a party in this adversary proceeding or requested notice in this particular adversary proceeding.  It is counsel's understanding that the flooring lender is preparing a motion to intervene, and Auto Auction has no objection to permitting the intervention (but Auto Auction does dispute the lender has a claim to the Vehicles superior to Auto Auction).

way to maintain the status quo is to temporarily restrain the Debtor from encumbering, selling, transferring or disposing of the Vehicles.[2]

Wherefore, Auto Auction respectfully requests that the Court:

1.   Issue a TRO which immediately prohibits the Debtor from selling, encumbering, transferring or disposing of the Vehicles previously identified on Exhibit A and A-1 in Auto Auction's previously filed pleadings;

2.   Notes in the TRO that no bond is required for the TRO to be effective, but if a bond amount is set, make the TRO immediately effective, but note it will be dissolved without further action if Auto Auction does not file a bond, in an amount the Court deems appropriate, no later than 5:00 p.m. on October 23, 2006.

DATED this 20th day of October, 2006.

                              Murphy, Kirkpatrick & Fain, P.L.L.P.
                              208 North Broadway, Suite 208
                              P.O. Box 429
                              Billings, MT 59103-0429


                              By: /S/ Bruce F. Fain
                                  Bruce F. Fain
                                  Attorneys for Plaintiff Auto
                                  Auction of Montana

---

[2]The TRO motion previously requested that the Court require Auto Auction to be listed as an additional loss insured on the Vehicles.  It appears that language is no longer necessary and that coverage can be obtained by Auto Auction, as long as it knows the location of the Vehicles in order to add the location to its policy.

5

CERTIFICATE OF SERVICE

     I hereby certify under penalty of perjury that on this 20th day of October, 2006, a copy of the MOTION FOR RECONSIDERATION RE: TEMPORARY RETRAINING ORDER was served upon counsel of record by the following method:

1,3,4      CM/ECF

_____      Hand Delivery

_____      Mail

_____      Overnight Delivery Service

2      Fax

4      E-Mail


1.___      William L. Needler
      William L. Needler and Associates
      555 Skokie Blvd. Ste. 500
      Northbrook, IL 60062

2.      Nick Gutierrez
      Incredible Auto Sales, LLC
      1832 King Avenue West
      Billings, MT 59102

3.      Neal Jensen
      U.S. Trustee
      Liberty Center, Ste. 204
      301 Central Ave.
      P.O. Box 3509
      Great Falls, MT 59403

4.      Charles W. Hingle
      Shane Coleman
      P.O. Box 639
      Billings, MT 59103-0639
      **chingle@hollandhart.com**


                /S/ Bruce F. Fain