Bruce F. Fain, #3377
Murphy, Kirkpatrick & Fain, P.L.L.P.
208 North Broadway, Suite 208
P.O. Box 429
Billings, MT  59103-0429
Telephone:  (406) 256-9700
Fax:  (406) 256-9755

ATTORNEYS FOR PLAINTIFF AUTO
AUCTION ASSOCIATES OF MONTANA, INC.

Charles W. Hingle, #1947
Shane P. Coleman, #3417
Jason S. Ritchie, # 7442
Holland & Hart LLP
401 North 31st Street, Suite 1500
P.O. Box 639
Billings, MT  59103-0639
Telephone:  (406) 252-2166
Fax:  (406) 252-1669

ATTORNEYS FOR INTERVENOR
HYUNDAI MOTOR FINANCE COMPANY

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | | |
|---|---|---|
| IN RE: | ) | Case No. 06-60855 |
| | ) | |
| INCREDIBLE AUTO SALES, LLC, | ) | Adversary No. 06-00119 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| AUTO AUCTION ASSOCIATES OF | ) | |
| MONTANA, INC., d/b/a AUTO | ) | **FINAL PRETRIAL ORDER** |
| AUCTION OF MONTANA a/k/a AUTO | ) | |
| AUCTION OF BILLINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| INCREDIBLE AUTO SALES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | | |

Pursuant to Fed. R. Civ. P. 16 and L.R. 16.4, the parties submit this proposed Final Pretrial Order to govern the trial of this adversary proceeding.

### NATURE OF ACTION

This is an adversary proceeding involving competing claims of a seller with a reclamation claim vis-à-vis the rights of a floating lien secured creditor.

### JURISDICTION AND VENUE

Jurisdiction and venue are proper.

### JURY

This is a non-jury trial.

### AGREED FACTS

The following facts are agreed and require no proof:

1. This Adversary Proceeding involves a dispute between a reclaiming seller of used vehicles, Auto Auction Associates of Montana, Inc. ("AAM"), and the Debtor's floor plan lender Hyundai Motor Finance Company ("HMFC"). AAM sold certain used "Subject Vehicles" (described herein) to the Debtor Incredible Auto Sales, LLC ("Incredible") pre-petition. HMFC holds a security interest in, *inter alia*, all of Incredible's used vehicle inventory. AAM seeks to reclaim the Subject Vehicles. HMFC assets that its security interest in inventory is superior to AAM's reclamation rights.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. § 546, and Fed. R. Bank. P. 65.

3. This is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(A) and (b)(2)(E).

4. Venue is proper pursuant to 28 U.S.C. § 1409(a).

8

5. AAM is a licensed automobile company and a creditor and/or interested party and has standing to bring this action pursuant to 11 U.S.C. § 546(c) and Fed. R. Bank. P. 7065.

6. Incredible is a retail and wholesale dealer of automobiles and the Debtor in the above-captioned Chapter 11 case.

7. As of the date of filing of the petition in this case, Incredible's principal place of business is 1832 King Avenue West, Billings, Montana 59102.

8. HMFC stopped new car financing to the Debtor in September of 2006 after receiving a tip about possible double flooring.

9. After September of 2006, HMFC continued to floor used cars, but had transaction documents examined by an analyst before agreeing to floor any used car purchases.

10. HMFC representatives made at least two trips out to Billings to examine the Debtor's operation prior to the filing of bankruptcy.

11. In early October of 2006, Incredible purchased the Subject Vehicles through AAM.

12. The Subject Vehicles received by Incredible are identified by sale date, vehicle year, vehicle make, vehicle model, partial VIN, as follows:

| Year | Make | Model | VIN | Purchased from AAM | Floored by HMFC | Re-Sale Price |
|---|---|---|---|---|---|---|
| 2004 | CHEVY | BLAZER | 1GNDT13X74K 163169 | 10/5/2006 | 10/5/06 | $9,450 |
| 2005 | PONTIAC | MONTANA | 1GMDV23E75D 121917 | 10/4/2006 | 10/4/06 | $9,150 |
| 2004 | FORD | RANGER | 1FTZR44E34P A07225 | 10/3/2006 | 10/3/06 | $8,050 |
| 2005 | CHEVY | CLASSIC | 1G1ND52F75M 177176 | 10/5/2006 | 10/5/06 | $6,850 |
| 2003 | CHEVY | MALIBU | 1G1ND52J93M 699843 | 10/5/2006 | 10/5/06 | $5,350 |
| 2005 | CHRYSLER | SEBRING | 1C3EL46X35N 568587 | 10/5/2006 | 10/5/06 | $7,900 |
| 2006 | KIA | SORRENTO | KNDJC733565 573207 | | N/A | $13,200 |

13. Incredible paid for the Subject Vehicles with checks written to AAM.

14. Incredible took physical possession of each of the Subject Vehicles. Each of the Subject Vehicles was taken to Incredible's retail lot and offered for sale to retail customers.

8

15. AAM delivered to Incredible original certificates of title for each of the Subject Vehicles, except for the 2004 Chevy Blazer.

16. Thereafter, the tendered checks for the Montana, the Ranger, and the Classic were returned for insufficient funds. Incredible then contacted AAM and informed AAM that there would also be insufficient funds to pay the checks for the remainder of the Subject Vehicles and that the checks would be returned by Incredible's bank.

17. Incredible's principal, Nick Gutierrez, was to meet with the principal of AAM on October 17, 2006, in order to reach a resolution of this matter, but did not show and his counsel informed counsel for AAM of the bankruptcy filing which was made on October 17, 2006.

18. At the same time that Incredible purchased the Subject Vehicles from AAM (or within days thereof), Incredible also purchased other vehicles from AAM with NSF checks. As with the Subject Vehicles, Incredible gave checks to AAM, received original certificates of title for these other vehicles, and received physical possession of these other vehicles. These other vehicles were resold by Incredible to third-party customers pre-petition, in the ordinary course of Incredible's business. AAM has filed an application for an administrative expense for these other vehicles.

19. On October 17, 2006, AAM provided a written reclamation claim for a total of eleven (11) vehicles, including the Subject Vehicles, to Incredible, its counsel, and the United States Trustee.

20. When AAM sold the Subject Vehicles to Incredible, it did so in the ordinary course of business at a time when Incredible was insolvent, all of which occurred within forty-five (45) days of the commencement of the case.

21. AAM provided a timely written demand to Incredible for reclamation of the Subject Vehicles.

22. HMFC was Incredible's "floor plan" lender. HMFC holds a properly perfected security interest in, *inter alia*, "[a]ll inventory of new and used motor vehicles and other personal property held for sale or lease including, but not limited to, display or demonstration items, returns and repossessions, and all accessories and additions thereto." (HMFC Ex. 1.[1]) HMFC's security interest is evidenced by an Inventory Loan and Security Agreement, an Addendum, and three financing statements filed with the Montana Secretary of State's office. (HMFC Ex. 1-5.) AAM disputes that HMFC's lien rights extend to the Subject Vehicles.

23. To receive floor plan advances to buy used vehicle inventory, Incredible was to first pay for the vehicle with its own money. Ueno Aff. ¶ 5 (attached to dkt. 164). When Incredible would receive signed certificates of title for the vehicles, Incredible would send those certificates to HMFC by facsimile. *Id.* HMFC would then advance Incredible funds. *Id.* HMFC would advance 80% of the purchase price of used vehicles purchased directly from a seller and 100% for vehicles purchased through an auction. Ueno Aff. ¶ 4.

24. HMFC advanced Incredible new money under the Inventory Loan and Security Agreement for each of the Subject Vehicles, with the exception of the 2006 Kia Sorento. HMFC Ex. 6. HMFC advanced funds on the same dates that the Subject Vehicles were purchased, as shown in the above chart. Before advancing funds, HMFC received from Incredible copies of signed certificates of title for each of the Subject Vehicles, except two. HMFC did not receive a fax of the 2006 Kia Sorento certificate of title, because no new money was advanced for its purchase. HMFC apparently received a fax of a photocopy of the 2004 Chevy Blazer certificate of title before advancing new money, because Incredible did not receive the original of that

---

[1] All references herein to Exhibits refer to the HMFC exhibits introduced and admitted during the December 5, 2006, hearing, unless otherwise noted. *See* Record of Exhibits Introduced (dkt. 114). Additionally, Exhibits 1-5 were also admitted at the November 6, 2006, hearing without objection. *See* Record of Exhibits Introduced (dkt. 50).

certificate of title from AAM. The faxed copy of the certificate of title for the 2004 Chevy Blazer is signed by Lalonna Seymour, an Incredible employee. *See* Ex. H24.

25. On December 7, 2006, AAM and HMFC filed a joint motion for relief from stay, asking that the Subject Vehicles be sold at auction and their proceeds be segregated, in order to minimize further depreciation of the Subject Vehicles. (dkt. 123.) The parties' substantive rights were unaffected by the sale of the Subject Vehicles. To the extent either party had rights in the Subject Vehicles, such party now has rights in the sale proceeds. On December 8, 2006, this Court granted the joint motion and ordered relief from stay. (dkt. 125.)

26. Thereafter, the Subject Vehicles were sold according to this Court's Order. In order to sell the Subject Vehicles, the certificates of title for each of the Subject Vehicles were returned from Incredible to AAM. The net proceeds received for each of the Subject Vehicles is stated in the above chart. The proceeds of all of the Subject Vehicles, except the 2004 Chevy Blazer, are held by AAM's counsel awaiting resolution of this adversary proceeding. AAM received proceeds from the 2004 Chevy Blazer but mistakenly failed to deposit those proceeds with the other proceeds of the Subject Vehicles. Proceeds from the sale of the 2004 Chevy Blazer should be included with the other proceeds in the segregated account, pending further action by this Court.

27. The net proceeds from the sale of the Subject Vehicles are insufficient to pay either AAM or HMFC the full amounts of their claims.

28. On January 17, 2007, this Court entered default judgment against Incredible, on AAM's motion. (adv. dkt. 20.)

29. The only issue remaining for trial in this adversary proceeding is whether AAM or HMFC is entitled to the proceeds from the sale of the Subject Vehicles.

## RELIEF SOUGHT AND ELEMENTS OF LIABILITY

Both parties are seeking the proceeds of the Subject Vehicles, and neither party is seeking affirmative relief against each other.

## WITNESSES

**AAM's will-call witnesses:**  Nels Pearson

**AAM's may-call witnesses:**  Ken Cornelison, Nick Gutierrez

**HMFC's will-call witnesses:**  Ken Cornelison

**HMFC's may-call witnesses:**  Dale Ueno, Clarke Rice

Either party may also call witnesses necessary for foundation purposes.

## EXHIBITS

**AAM's Exhibits:**

1. Vehicle List
2. Blazer Invoice
3. Montana Invoice
4. Ranger Invoice
5. Chevy Invoice
6. Malibu Invoice
7. Sebring Invoice
8. Sorrento Invoice
9. 9.29 Bank Statement
10. 10.31 Bank Statement

**HMFC's Exhibits:**

H1.  Inventory Loan and Security Agreement

H2.  Addendum

H3.  Financing Statement

H4.  Financing Statement

H5.  Financing Statement

H6.  Floored Vehicle / SOT list

H24. Vehicle Title – 2004 Blazer

H25. Vehicle Title – 2005 Montana

H26. Vehicle Title – 2004 Ranger

H27. Vehicle Title – 2005 Classic

H28. Vehicle Title – 2003 Malibu

H29. Vehicle Title – 2005 Sebring

**ESTIMATE OF TRIAL TIME**

The facts of this case are largely, if not entirely, undisputed. The issue is largely a legal one for the Court. Accordingly, the parties estimate that trial will require no more than one hour.

DATED this 22nd day of February, 2007.

_____
Ralph B. Kirscher
United States Bankruptcy Judge


/s/ Bruce F. Fain
Bruce F. Fain
Murphy, Kirkpatrick & Fain, P.L.L.P.
208 North Broadway, Suite 208
P.O. Box 429
Attorneys for Auto Auction Associates of
Montana, Inc.

DATED this 22nd day of February, 2007.

/s/ Shane P. Coleman
Shane P. Coleman
Holland & Hart LLP
P. O. Box 639
Billings, MT 59103-0639
Attorneys for Hyundai Motor Finance Co.